UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

NATASHA MOSLEY NORMAN,          )
                                )
    Plaintiff,                  )
                                )
v.                              )        Case No.  CV412-243
                                )
LIBERTY MEDICAL CENTER,         )
                                )
    Defendant.                  )

## REPORT AND RECOMMENDATION

Natasha Mosley Norman brings this Title VII case against the Liberty Medical Center. Doc. 1. The Court granted her motion to proceed *in forma pauperis* but warned that her case faced dismissal for lack of exhaustion. Doc. 4. She has since amended her complaint to show exhaustion, supplying an EEOC right-to-sue letter. Doc. 5 at 10. The Court will thus further screen her case to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim. *See Abram-Adams v. Citigroup, Inc.*, 2012 WL 4901166 at *1 (11th Cir. Oct. 16, 2012) (affirming *sua sponte* dismissal of Title VII complaint "as untimely and therefore frivolous under 28 U.S.C. §

1915(e)(2)(B)."); *Selensky v. Alabama*, 446 F. App'x 213, 213 (11th Cir. 2011).

Title VII makes it unlawful for an *employer* to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The inquiry is "whether the defendant intentionally discriminated against the plaintiff." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983) (quotes and cite omitted).

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: (1) she is a member of a protected class; (2) she sought and was qualified for the position in question; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably, and she was qualified to do the job. *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006); *Manora v. Donahoe*, 439 F. App'x 352, 355 (5th Cir. 2011). After evidence is adduced and sifted through a burden-shifting process, courts determine whether the "intentional

discrimination" noted by *Aiken* actually occurred.

Norman fundamentally misunderstands the nature of Title VII claims.  For starters, she must show that an "employment relationship" exists.  *Cuddeback v. Fla. Bd. Of Educ.*, 381 F.3d 1230, 1234 (11th Cir. 2004); *Cobb v. Sun Papers, Inc.*, 673 F.2d 337 340 (11th Cir. 1982); *Schirle v. Sokudo USA, L.L.C.*, 2012 WL 3100879 at * 3 (5th Cir. Jul. 31, 2012); 42 U.S.C. § 2000e(f).  She has failed to do that.  And this comes *after* the EEOC denied her claim for lack of an "employer-employee relationship."  Doc. 5 at 10.

In fact, all Norman does plead (in raw, unedited form) is that she was "denied to attend a clinical at Liberty Medical Center for reasons that was not according to the medical center policy.  Ms. Jena Human Resources assistant and Ms. E. Jackson H.R. Direction I April of 2012."  Doc. 5 at 8.  In another part of her filing she explains:

> Ms. Jackson stated that it's the medical center policy that anyone with a felony cannot work or participate in any clinicals.  Jena who is the person who makes the decision if the students can participate or not originally denied me due to a misdemeanor on my background that she overlooked the dismissed charge and she apologized and told me because she denied me to see if I could be part of the clinical.

Doc. 5 at 3.  She then adds her *belief* that she has suffered racial

discrmination: "I strongly believe I've been discriminated against because of my race in violation of Title VII of Civil Rights Act of 1964, the persons involved are Ms. Jena (LNU) Human Resources assistant and Ms. E. Jackson Human Resources Director at Liberty Regional Medical Center."  Doc. 5 at 2-3.

Yet, Norman pleads no supporting *facts* for that belief.  In short, she has simply failed to supply the basic building block for a Title VII claim -- that she was discriminated against by an *employer*, as opposed to an entity that provides "clinicals," which the Court (forced by deficient pleading) *guesses* are simply medical health care training sessions of some sort.  Twice now, plaintiff has failed to explain.

Even if she did, her claim would still fail. As noted above, a Title VII plaintiff must show someone similarly situated, outside of her class, who was treated more favorably, and so on.  Then the court evaluates the employer's reasons for the adverse action (the discharge, failure to promote, etc.) to determine whether Title-VII violating discrimination (as opposed to generic unfairness) actually occurred.  *See, e.g.*, *Manora*, 439 F. App'x at 357-58.  Norman does not even mention anyone else, let alone another *employee.*

It does not appear likely that, even were the Court to *sua sponte* grant her another chance to amend her complaint, *see Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010), Norman could salvage this case. It thus should be **DISMISSED.**

**SO REPORTED AND RECOMMENDED** this  8th  day of November, 2012.

                                                         UNITED STATES MAGISTRATE JUDGE
                                                         SOUTHERN DISTRICT OF GEORGIA